IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:04CR706

       Plaintiff

v.            ORDER

Robert Thomas Greene,

       Defendant

This is a criminal case in which the defendant has filed a *pro se* motion for Relief From Judgment under Fed. R. Crim. P. 36 due to clerical error. He claims that failure to include the date of his offense in the judgment and commitment order leaves the Bureau of Prisons unable to calculate the proper credit for time served.

The government has responded to the motion, contending that I have no jurisdiction and, in any event, the motion is without merit. I agree, and the motion shall be dismissed.

The defendant presently is appealing my denial of a motion filed under Fed. R. Crim. P. 35. In light of the pendency of that appeal, I have no jurisdiction to adjudicate his instant motion. *Dunham v. U.S.*, 486 F.3d 931, 935 (6th Cir. 1976) (timely appeal divests district court of jurisdiction).

Nonetheless, because it appears that the defendant filed his notice of appeal late, I will consider the merits – such as they are – of his motion. In this case, there was no error – clerical or otherwise. Defendant was sentenced to a term of 70 months, to be served concurrently with a twelve

month state custody sentence. On resentencing following *U.S. v. Booker*, 543 U.S. 220 (2005), I made clear that the defendant was to receive full credit for the time spent while serving the state term, to the extent possible.

Defendant had two state sentences: only one of those sentences, No. 3557, was related to his federal offense. That sentence did not begin to run until after his other state sentence, No. 3540, had been served. That did not occur for several months after imposition of the federal sentence. Thus, there was a period of time when he was not getting credit for both a state and federal sentence. That only started when the state term being served under No. 3540 had been completed.

There is no merit – even if I have jurisdiction – to the defendant's motion for relief from judgment due to a clerical error. It is, accordingly,

ORDERED THAT the defendant's motion for relief from judgment [Doc. 49] be, and the same hereby is denied and dismissed.

An appeal from this decision would be frivolous, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

> s/James G. Carr
> James G. Carr
> Chief Judge

While Rule 36 provides authority to correct clerical errors, it does not permit a court to make substantive changes in a sentence. *U.S. v. Weber*, 988 F.2d 347-48 n.16 (2d Cir. 1995).